JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVION MCCRAW,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC., *et al.*,<br><br>                Defendants. | Case No. 5:25-cv-01197-FLA (SHKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 10]** |

**ORDER**

Before the court is Plaintiff Travion McCraw's ("Plaintiff") Motion to Remand Action to State Court ("Motion"). Dkt. 10 ("Mot."). Defendants United Parcel Services of America, Inc. ("UPS"), Deandre "Doe," and Eric "Doe" ("Individual Defendants") (all collectively, "Defendants") oppose the Motion. Dkt. 11 ("Opp'n"). On June 26, 2025, the court found the Motion appropriate for resolution without oral argument and vacated the hearing set for June 27, 2025. Dkt. 12; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion and REMANDS this action to the Riverside County Superior Court.

**BACKGROUND**

This action arises from the purported retaliation, discriminatory treatment, and failure to accommodate Plaintiff was allegedly subjected to during his employment as a package handler for UPS. *See generally* Dkt. 1–2 ("Compl.").[1]

On April 1, 2025, Plaintiff filed the Complaint in the Riverside County Superior Court asserting sixteen causes of action for: (1) disability/medical condition discrimination (Cal. Gov't Code § 12940(a)); (2) failure to provide reasonable accommodations (Cal. Gov't Code § 12940(m)); (3) failure to engage in the interactive process (Cal. Gov't Code § 12940(n)); (4) failure to prevent discrimination, retaliation, and harassment (Cal. Gov't Code § 12940(k)); (5) whistleblower retaliation (Cal. Lab. Code § 98.6); (6) failure to provide rest breaks (Cal. Lab. Code § 226.7); (7) failure to provide meal periods (Cal. Lab. Code §§ 226.7, 512); (8) failure to pay all wages due upon separation from employment (Cal. Lab. Code § 203); (9) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226); (10 and 11) retaliation (Cal. Lab. Code §§ 1102.5, 232.5; (12) sick

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

2

leave retaliation (Cal. Lab. Code §§ 233, 234, 246, 246.5, 248.6, *et seq.*); (13) retaliation in violation of the Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code § 129400(h)); (14) retaliation in violation of the California Family Rights Act ("CFRA") (Cal. Gov't Code § 12945.2); (15) unfair and unlawful business practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and (16) wrongful termination in violation of public policy. *Id.* ¶¶ 38–169.[2]

On May 16, 2025, UPS removed this action to this court, alleging diversity jurisdiction. Dkt. 1; *see* 28 U.S.C. § 1332(a)(1). In the instant Motion, Plaintiff contends complete diversity does not exist because Plaintiff and the Individual Defendants are all California citizens. Mot. at 11. UPS, in opposition, argues the Individual Defendants are "sham defendants" named solely to defeat subject matter jurisdiction. Opp'n at 5.

## **DISCUSSION**

### **I.  Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted); *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). Therefore, the court is not restricted to the face of the pleadings and may

---

[2] As Plaintiffs' claims 1, 2, 3, 4, 13, and 14 are all related to FEHA, the court will collectively refer to them as the "FEHA claims."

3

review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Federal courts have jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted).

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citation omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a general presumption against finding fraudulent joinder." *Id.* (cleaned up); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare*, 889 F.3d at 548 (internal quotation marks and citations omitted). "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* (cleaned up). "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (cleaned up) (emphasis in original).

/ / /

/ / /

/ / /

4

II. Analysis

    A.     Hostile Work Environment Under FEHA

Under FEHA, an employee who harasses another employee may be held personally liable. *Lewis v. City of Benicia*, 224 Cal. App. 4th 1519, 1524 (2014) (citing Cal. Gov't Code § 12940(j)(3)). To establish a *prima facie* case of a hostile work environment, a plaintiff must show:

> (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment.

*Ortiz v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 568, 581 (2019).

To show "unreasonable interference,"

> the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment. It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to make it more difficult to do the job.

Cal. Gov't Code § 12923(a) (approving standard set forth in *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 25 (1993)) (quotation marks omitted).

Additionally, to be actionable, the conduct must be "severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive[.]" *Bailey v. S.F. Dist. Att'ys Off.*, 16 Cal. 5th 611, 628 (2024). As the California Supreme Court explained:

> Whether a work environment is reasonably perceived as hostile or abusive is not, and by its nature cannot be, a mathematically precise test. The working environment must be evaluated in light of the totality of the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The required level of severity or seriousness varies inversely with the

> pervasiveness or frequency of the conduct. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim of harassment.

*Id.* (cleaned up). "[A]n isolated act of harassment may be actionable if it is sufficiently severe in light of the totality of the circumstances[.]" *Id.* at 620. "The objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." *Id.* at 629.

"[H]arassment is generally concerned with the *message* conveyed to an employee, and therefore with the social environment of the workplace, whereas discrimination is concerned with explicit changes in the terms or conditions of employment." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708 (2009) (emphasis in original). "[I]n some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and therefore evidence that would otherwise be associated with a discrimination claim can form the basis of a harassment claim." *Id.*

### B. Citizenship of Individual Defendants

UPS argues the Individual Defendants qualify as "Does" under California law because their identities and, therefore, citizenship are uncertain. Opp'n at 3. Plaintiff responds the Individual Defendants have been sufficiently identified as California residents in the Complaint, so their citizenship should be considered for diversity purposes. Compl. ¶¶ 3–4.

Generally, courts cannot consider a fictitious or Doe defendant when determining diversity jurisdiction. *See* 28 U.S.C. § 1441(a). However, if a complaint provides a description of a partially named defendant so that the defendant's identity can be reasonably ascertained, then the court should consider the defendant's citizenship when determining diversity jurisdiction. *See Green v. Mut. of Omaha*, 550 F. Supp. 815, 818 (N.D. Cal. 1982) ("Application of the reasoning contained in [prior cases] requires that this court consider the citizenship of the Doe defendants named in plaintiff's complaint … where plaintiff's Doe allegations g[ives] a definite clue as to

the identity of the fictitious defendant"); *Barnes v. Costco Wholesale Corp.*, Case No. 2:19-cv-7977-DMG (JPRx), 2019 WL 6608735, at *2–3 (C.D. Cal. Dec. 4, 2019) (Doe defendants' citizenship is considered for diversity purposes where "Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action") (citation omitted).

Here, the Complaint pleads sufficient facts to identify the Individual Defendants as UPS employee supervisors/managers, who reside in California. Compl. ¶¶ 3–4. Plaintiff also knew the Individual Defendants personally, had their telephone numbers, and regularly communicated with them. *See* Dkt 10-2 at 3–5. Moreover, the Complaint includes details describing how the Individual Defendants interacted with Plaintiff. *See, e.g.,* Compl. ¶ 19; *see also* Dkt. 10-2 ¶ 5 ("Defendants Deandre and Eric were my managers and/or supervisors during my employment at Defendant UPS's Inland Empire Hub located at 20793 Krameria Avenue, Riverside, CA 92518").

Because the Complaint describes the Individual Defendants in sufficient detail making their identities ascertainable, neither defendant is a traditional "Doe." *See Tipton v. Zimmer, Inc.*, Case No. 2:15-cv-04171-BRO (JCx), 2016 WL 3452744, at *3–4 (C.D. Cal. June 23, 2016) (where complaint described defendant as "territorial manager, director, representative, and/or managing agent," defendant was not "a doe defendant whose citizenship [the] Court should disregard for diversity purposes.").

Thus, the Individual Defendants have been sufficiently identified as California citizens for diversity purposes.

C. **Sufficiency of Plaintiff's Allegations**

With respect to the viability of Plaintiff's FEHA claims against the Individual Defendants, the Complaint alleges Plaintiff is a member of a protected class as he suffers from an actual or perceived disability or medical condition, suffered a workplace injury at UPS resulting in a strain to his back and shoulder that caused

7

muscle pain throughout his body, and the injury limited Plaintiff's major life activities, including his ability to work. Compl. ¶ 40.

The Complaint also pleads that despite Plaintiff's provision of physician notes excusing him from work and heavy lifting initially and later allowing him to return to work with restrictions, the Individual Defendants failed to provide Plaintiff with reasonable accommodations for his disability. *See id.* ¶¶ 26–37. For example, the Complaint alleges Plaintiff asked Defendant Deandre if he could return to work and perform light duty, as he was still in pain, and that Deandre rejected the request and told Plaintiff to "just go on leave." *Id.* ¶ 30. The Complaint further alleges Defendant Deandre rejected Plaintiff's request to perform other duties consistent with his physical limitations and told Plaintiff "[d]on't come back [until] fully cleared." *Id.* ¶ 32; *see Gregory v. United Parcel Serv., Inc.*, Case No. 1:13-cv-2070 AWI SMS, 2015 WL 1956435, at *8 (E.D. Cal. Apr. 29, 2015) (finding that a 100% healed policy is a "per se violation of FEHA"). The Complaint also accuses the Individual Defendants—after learning of Plaintiff's injury and work restrictions—of failing to engage in an interactive process to find work Plaintiff could perform. *Id.* ¶ 36. Plaintiff contends the lack of accommodation provided by the Individual Defendants was substantially motivated by Plaintiff's actual or perceived disability. *Id.* ¶ 55.

Here, the relevant question is whether "there is a possibility that a state court would find that the complaint states a cause of action against [the Individual Defendants]." *Grancare*, 889 F.3d at 548 (emphasis in original); *see also Altman v. HO Sports Co., Inc.*, No. 1:09–cv–1000 AWI SMS, 2009 WL 2590425, at *2 (E.D. Cal. Aug. 20, 2009) ("Stated differently, if there is a non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand") (cleaned up); *Ybarra v. Universal City Studios*, LLC, Case No. 2:13-cv-4976-PSG (AJWx), 2013 WL 5522009, at *4 (C.D. Cal. Oct. 2, 2013) (having merely a "glimmer of hope" that a plaintiff can establish a claim is sufficient to prevent application of the fraudulent joinder doctrine).

Based on the facts pleaded and the evidence presented, a state court could find that the Individual Defendants created a hostile work environment for Plaintiff that was sufficiently severe or pervasive to state FEHA claims. *See Bailey*, 16 Cal. 5th at 629; *Roby*, 47 Cal. 4th at 708. Considering the strong presumption against removal jurisdiction and the principles governing pleading and amending, the court cannot conclude it is impossible or fanciful for Plaintiff to establish liability against the Individual Defendants. *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (remand must be granted unless defendant demonstrates plaintiff would not be given permission to amend his FEHA claims).

Accordingly, UPS has failed to meet its "heavy burden" to establish the Individual Defendants are sham defendants. Because there is a possibility Plaintiff can state a valid harassment claim against the Individual Defendants, the court declines to consider the parties' remaining arguments. The court, therefore, GRANTS the Motion due to lack of complete diversity between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a)(1).

## **CONCLUSION**

For the foregoing reasons, the court GRANTS the Motion and REMANDS the action to the Riverside County Superior Court, Case No. CVRI2501738. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 7, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

9